IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| GREGORY J. LETENDRE,  )<br>     Plaintiff,                          )<br>                                              )<br>     v.                                     )<br>                                              )<br>PARALLON ENTERPRISES, LLC,  )<br>     Defendant.                       )<br>                                              ) | Civil Action No.  3:24CV184 (RCY) |

**MEMORANDUM OPINION**

This is an employment discrimination case filed by *pro se* Plaintiff Gregory Letendre against Defendant Parallon Enterprises, LLC ("Parallon").  The Court previously granted Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint as to all but Plaintiff's FMLA retaliation claim and denied Plaintiff's Amended Motion for Leave to File Third Amended Complaint ("Motion to Amend") as legally frivolous.  The case is presently before the Court on Plaintiff's Motion for Reconsideration of Order Dated March 28, 2025 ("Motion for Reconsideration").  For the reasons stated below, the Court will deny Plaintiff's Motion to Reconsider.

**I. RELEVANT BACKGROUND**

Plaintiff's claims arise from events that occurred over the course of his multi-year employment with Defendant.  The Court laid out the underlying facts, in detail, in the "Factual Allegations" Section of its March 28, 2025 Memorandum Opinion.  *See generally* Mem. Op., ECF No. 29.  Neither party argues that the Court misconstrued any facts or allegations or otherwise identifies any errors in that section.  *See generally* Mot. Recons., ECF No. 33; Resp. Opp'n, ECF No. 37.  In light of this and the fact that the following analysis rests on pure legal principles, the Court declines to re-hash the lengthy factual background of this dispute.

On March 28, 2025, the Court issued a Memorandum Opinion and Order granting Defendant's Motion to Dismiss as to all of the counts in the Second Amended Complaint except for Plaintiff's Family & Medical Leave Act ("FMLA") retaliation claim, "insofar as the claim is predicated on Defendant's acts of (1) delaying Plaintiff's return-to-work, and/or (2) imposing different work standards upon Plaintiff's return." Order, ECF No. 30. In the same Opinion and Order, the Court denied Plaintiff's request for leave to file a Third Amended Complaint, finding that Plaintiff's proposed amendments were legally frivolous and thus amendment would be futile. *Id.*

On April 25, 2025, Plaintiff filed the instant Motion for Reconsideration, Mot. Recons., ECF No. 33, which the Court construed as having been filed pursuant to Federal Rule of Civil Procedure 60(b), *see* Order, ECF No. 34. On May 9, 2025, Defendant filed its Opposition to Plaintiff's Motion for Reconsideration. Resp. Opp'n, ECF No. 37. On July 28, 2025, Plaintiff filed a Motion for Leave to File Late Reply in Support of Motion for Reconsideration ("Motion for Leave"). Mot. Leave, ECF No. 51. For the reasons discussed herein, this Motion for Leave will be denied, leaving the Motion for Reconsideration as briefed. The matter is accordingly ripe for review.

## II. LEGAL STANDARD

Rule 60(b) provides an "extraordinary remedy" that "is only to be granted in exceptional circumstances." *Wilson v. Thompson*, 138 F. App'x 556, 557 (4th Cir. 2005) (citing *Compton v. Alton S.S. Co.*, 608 F.2d 96, 102 (4th Cir. 1979)). To succeed on a Rule 60(b) motion, the movant "must satisfy one of the six enumerated grounds for relief under Rule 60(b)." *Nat'l Credit Union Admin. Bd. v. Gray*, 1 F.3d 262, 266 (4th Cir. 1993). These are:

(1) mistake, inadvertence, surprise, or excusable neglect;

    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
    (4) the judgment is void;
    (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
    (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)–(6). "Disposition of Rule 60(b) motions is within the discretion of the district court." *McLawhorn v. John W. Daniel & Co.*, 924 F.2d 535, 538 (4th Cir. 1991); *see Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967) ("The disposition of motions made under Rule[] . . . 60(b) is a matter which lies largely within the discretion of the trial judge[.]").

### III. DISCUSSION

**A. Motion for Leave to File Late Reply**

As a preliminary matter, the Court will deny Plaintiff's Motion for Leave because Plaintiff has not demonstrated good cause, or that his tardiness arose from "excusable neglect." Fed. R. Civ. P. 6(b). The Court has considered the following factors to determine whether good cause exists to permit the late filing: "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 395 (1993)). "[T]he burden of demonstrating excusability lies with the party seeking the extension and a mere concession of palpable oversight or administrative failure generally has been held to fall short of the necessary showing." *Batton v. Commc'ns Workers of Am.*, 2014 WL 5742409, at *8 (E.D. Va. Aug 4, 2014 (quoting *Pioneer*, 507 U.S. at 395). Here, the motion is long ripe, and the Court finds the issues

3

to be adequately presented in the filed pleadings, such that an extension would unnecessarily delay the judicial proceedings when the Court is otherwise ready to rule on the Motion for Reconsideration. Moreover, the Court does not find that Plaintiff's *pro se* status—the excuse given by Plaintiff for his tardiness—qualifies in and of itself as "reasonable neglect." Mot. Leave 1; *see McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). Accordingly, the Court will deny Plaintiff's Motion for Leave and proceed to consider the pending Motion for reconsideration on the basis of the Motion and Defendant's Opposition, alone.

## B. Motion for Reconsideration

Plaintiff seeks relief from this Court's denial of his Motion to Amend as legally frivolous. Mot. Recons. 2. He specifically challenges the Court's rejection of the following five proposed changes and/or claims: (1) adding CJW Medical Center ("CJW") and HCA Healthcare ("HCA") as Defendants, *id.* at 3–5; (2) Plaintiff's claim that he was wrongfully terminated in violation of public policy (HIPAA), *id.* at 5–7; (3) Plaintiff's claim that he experienced retaliation for filing an EEOC complaint, *id.* at 7–8; (4) Plaintiff's amended FMLA retaliation claim, *id.* at 8–9; and (5) Plaintiff's claim for wrongful termination based on protected whistleblowing activity, *id.* at 9–10. As his "Argument[s] for Reconsideration," Plaintiff largely re-alleges facts and re-articulates his theories of recovery, with a few new embellishments. *Id.* at 5–10. Defendant contends that Plaintiff's Motion for Reconsideration fails because Plaintiff does not establish that he qualifies for relief under any of the avenues available pursuant to Federal Rule of Civil Procedure 60(b). Resp. Opp'n 4. The Court agrees.

It is firmly established that "Rule 60(b) does not provide parties with an opportunity to pursue issues not previously litigated." *Hummel v. Hall*, 868 F. Supp. 2d 543, 560 (W.D. Va. 2012) (citing *CNF Constructors, Inc. v. Donohoe Constr. Co.*, 57 F.3d 395, 401 (4th Cir. 1995)); *accord Word Seed Church v. Vill. of Homewood*, 43 F.4th 688, 691 (7th Cir. 2022) ("[I]t is well-settled that a motion to reconsider is not the proper vehicle to raise new arguments that could and should have been raised prior to judgment."); *Lebahn v. Owens*, 813 F.3d 1300, 1306 (10th Cir. 2016) ("[A] Rule 60(b) motion is not an appropriate vehicle to advance new arguments or supporting facts that were available but not raised at the time of the original argument."); *Williams v. Toyota Motor Eng'g & Mfg. N. Am., Inc.*, 470 F. App'x 309, 313 (5th Cir. 2012) (same); *Aygen v. Dist. of Columbia*, 311 F.R.D. 1, 3 (D.D.C. 2015) ("Courts should deny motions for reconsideration when it appears that the losing party is using the motion as an instrumentality for arguing the same theory or asserting new arguments that could have been raised prior to final judgment." (citation modified)).  In that same vein, mere disagreement with the Court's decision is similarly insufficient to support a Rule 60(b) motion. *See United States v. Williams*, 674 F.2d 310, 313 (4th Cir. 1982) ("Where the motion is nothing more than a request that the district court change its mind, however, it is not authorized by Rule 60(b).").

When measured against this standard and the six enumerated qualifications for relief under Rule 60(b), it is clear that Plaintiff's arguments for reconsideration are unavailing.

Specifically, Plaintiff's first plea for reconsideration, regarding the Court's rejection of HCA and CJW as new Defendants, does not suggest or otherwise argue that the Court made a legal or factual error in its analysis.  Instead, Plaintiff introduces additional facts and makes a novel argument that HCA and CJW had "an ongoing interest and potential duty related to Plaintiff's employment and the matters [Plaintiff] reported." Mot. Recons. 5.  Plaintiff makes no showing

5

that this new theory is based on recently discovered evidence that was previously unknown despite reasonable diligence, Fed. R. Civ. P. 60(b)(2), and nothing suggests that this avenue of argument was unavailable to Plaintiff previously such that the Court could conceivably find that Plaintiff's failure to advance it arose from "mistake, inadvertence, surprise, or excusable neglect," Fed. R. Civ. P. 60(b)(1). Thus, having failed to demonstrate that the Court "made a substantive mistake of law or fact in the . . . order," *Justus*, 78 F.4th at 108, Plaintiff has not demonstrated that reconsideration of the Court's decision on this issue is proper, *see also Hummel*, 868 F. Supp. 2d at 560.

Plaintiff's second request for reconsideration fares no better. Again, Plaintiff appears to advance a novel theory to support his previously articulated claim for wrongful termination in violation of public policy. *Compare* Prop'd 3d Am. Compl. ¶¶ 74–85 (Count V), ECF No. 24-1 (arguing generally that "Defendant's actions . . . were against the public policy of the Commonwealth of Virginia, which protects employees from retaliatory discharge for engaging in protected activities, including but not limited to filing complaints about discriminatory practices and other violations of law."), *with* Mot. Recons. 5–7 (now arguing that the public policy implicated was "the public policy of HIPAA"). Because "Rule 60(b) does not provide parties with an opportunity to pursue issues not previously litigated," Plaintiff may not now raise this issue for the first time. *Hummel*, 868 F. Supp. 2d at 560.

Plaintiff's third area of requested reconsideration relates to his EEOC retaliation claim, which constituted Count III of the Proposed Third Amended Complaint. *See* Prop'd 3d Am. Compl. ¶¶ 50–61. The Court finds that Plaintiff's request for reconsideration is based on newly presented evidence, introduced as Exhibits C and D to the Motion for Reconsideration. Mot. Recons. 7. Again, to the extent that Plaintiff seeks to introduce additional information without

6

adequate justification for failing to allege such facts previously or that he merely disagrees with the Court's prior conclusion, neither provides a basis for relief under Rule 60(b).  *See Hummel*, 868 F. Supp. 2d at 560; *Williams*, 674 F.2d at 313.

Plaintiff's fourth request for reconsideration relates to the claim that the Court preserved at the conclusion of its Motion to Dismiss analysis, specifically, Plaintiff's FMLA retaliation claim.  In the present Motion, Plaintiff argues that his allegations "raise[] a plausible inference of FMLA retaliation"—a statement with which the Court agrees.  *See* Mem. Op. 17–22, ECF No. 29.  Indeed, it was the fact that Plaintiff's FMLA retaliation claim survived Defendant's Motion to Dismiss, coupled with the fact that the Third Amended Complaint did not add anything to bolster this lone surviving claim, that led the Court to conclude that Amendment was unnecessary as to this Count.  *Id.* at 38–39.  The Court did not find, as Plaintiff now mischaracterizes, that the FMLA claim was legally frivolous.  Mot. Recons. 9.  Accordingly, having already preserved Plaintiff's FMLA claim without need for further amendment, the Court finds no grounds to reconsider its rejection of the Proposed Third Amended Complaint in this respect.

Finally, Plaintiff seeks reconsideration of the Court's conclusion as to Plaintiff's claim for wrongful termination based on protected whistleblowing activity.  Mot. Recons. 9–10.  However, Plaintiff makes no specific challenges to the Court's prior analysis, *see* Mem. Op. 26–27 (finding that Plaintiff's "Whistleblowing" claim failed to state a claim, even when construed as a wrongful termination claim); *id*. at 35–36 (rejection of proposed amended wrongful termination claim), and instead merely attempts to restate his previously rejected claim with additional support from a newly introduced Exhibit E, *see* Mot. Recons. 9–10.  Because this once again appears to be "nothing more than a request that the district court change its mind," *Williams*, 674 F.2d at 313,

supported by evidence and/or factual allegations that were reasonably available to Plaintiff previously, the Court declines to grant reconsideration under Rule 60(b).

In sum, Plaintiff seeks reconsideration of five discrete issues based on a combination of "new" information, disagreement with the Court's analysis, and new legal argument and theories. Mot. Recons. 5, 7–10. None of these are valid bases for relief pursuant to Rule 60(b) as set out in subparts (1)–(5), and the Court further finds that Plaintiff has failed to identify "any other reason that justifies relief," and thus the final avenue for reconsideration, Rule 60(b)(6), is similarly closed to him. *See Justus*, 78 F.4th at 108, 116 (relief pursuant to Rule 60(b)(6) is only available in "extraordinary circumstances" that do not fall within the ambit of subparts (1)–(5)).

## IV. CONCLUSION

For the reasons stated above, the Court will deny Plaintiff's Motion for Leave to File Late Reply. The Court will also deny the Motion for Reconsideration, because Plaintiff has failed to identify any demonstrate grounds that qualify for such an extraordinary remedy under Federal Rule Civil Procedure 60(b).

An appropriate Order will accompany this Memorandum Opinion.

/s/ RCY
Roderick C. Young
United States District Judge

Date: August 12, 2025
Richmond, Virginia